IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RONALD SHANKEY, § | | |
| BOP Register No. 06303-090, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| V. § | | No. 3:19-cv-3074-E-BN |
| § | | |
| K. ZOOK, Warden, § | | |
| § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Ronald Shankey, a federal prisoner incarcerated at a facility in this district, filed a *pro se* application for writ of habeas corpus under 28 U.S.C. § 2241, asserting that he "was deprived of 27 days good conduct time [GCT] after being found guilty in a disciplinary hearing despite a lack of evidence that [he] committed the listed offense." Dkt. No. 3; *see also* Dkt. No. 9 at 1 (Shankey "received a letter from an inmate in another correctional system via a third party which described an adult male sexually abusing a prepubescent female child. [He] was charged with attempting to circumvent mail monitoring as inmates cannot send and receive mail through third parties. Additionally, he was charged with violating the terms of his Correctional Management Program (CMP) which is part of his sex offender treatment plan. Petitioner claims he did not request the letter to be sent to him.").

United States District Judge Ada Brown referred Shankey's case to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The government responded. *See* Dkt. Nos. 9, 10, 13. And Shankey replied. *See* Dkt. No. 16.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should deny Shankey habeas relief.

## Legal Standards and Analysis

"Not every punishment for prison misconduct implicates a protected liberty interest." *Jacques v. Bureau of Prisons*, 632 F. App'x 225, 225 (5th Cir. 2016) (citing *Sandin v. Conner*, 515 U.S. 472, 483-84, 485-87 (1995)). For example, neither "the temporary loss of commissary" nor the temporary loss of "visitation privileges" would "support a due process claim." *Id.* (citing *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000); *Berry v. Brady*, 192 F.3d 504, 508 (5th Cir. 1999)).

But the Court begins with the "assum[ption] ... that federal prisoners have a liberty interest in their good-time credits," also known at GCT. *Deen-Mitchell v. Young*, 490 F. App'x 650, 650-51 (5th Cir. 2012) (per curiam) (citing *Henson v. U.S. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000) ("BOP does not challenge the district court's conclusion that Henson had a statutorily-created liberty interest in his good time credit." (citation omitted))); *but cf. Pepper v. United States*, 562 U.S. 476, 502 n.14 (2011) ("An award of good time credit by the [BOP] does not affect the length of a court-imposed sentence.... Such credits may be revoked at any time before the date of a prisoner's release." (citations omitted)).

"When a prisoner has a liberty interest in good-time credits, revocation of such credits must comply with minimal procedural requirements." *Pruitt v. Martin*, 582 F.

App'x 319, 320 (5th Cir. 2014) (per curiam) (quoting *Henson*, 213 F.3d at 898 (citing, in turn, *Superintendent, Mass. Corr. Institution v. Hill*, 472 U.S. 445, 454 (1985)); internal quotation marks omitted).

These requirements – which "are flexible ... and must necessarily be balanced against legitimate penological interests," *Henson*, 213 F.3d at 898 (citing *Hill*, 472 U.S. at 556; *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974)) – "include notice, an opportunity to be heard, and written findings in support of the action," *Deen-Mitchell*, 490 F. App'x at 651 (citing *Wolff*, 418 U.S. at 564-65); *accord Hunnicutt v. Stephens*, No. 3:14-cv-885-G-BN, 2014 WL 2619856, at *2 (N.D. Tex. June 12, 2014).

And "[f]ederal habeas review of the sufficiency of the evidence to support a disciplinary conviction is extremely limited. Due process requires only 'some evidence to support the findings made in the disciplinary hearing.'" *Hunnicutt*, 2014 WL 2619856, at *2 (quoting *Hill*, 472 U.S. at 457; citing *Smith v. Rabalais*, 659 F.2d 539, 545 (5th Cir. Unit A Oct. 1981) (a court must determine whether "any evidence at all" supports disciplinary action taken by prison officials)); *see Pruitt*, 582 F. App'x at 320 ("[A] disciplinary proceeding comports with due process if ... there is 'some evidence' in the record to support the disciplinary conviction." (citing *Richards v. Dretke*, 394 F.3d 291, 294 (5th Cir. 2004))); *see, e.g.*, *Henson*, 213 F.3d at 898-99 ("Given that there was 'some evidence' supporting the punishment, and that there would still be 'some evidence' even if Henson obtained a contradictory result from a retest, Henson had no due process right to retest the pipe." (internal citation and footnote omitted)).

In sum, where a habeas petitioner challenges the sufficiency of the evidence

"to support his disciplinary conviction, 'prison disciplinary proceedings will be overturned only where there is no evidence whatsoever to support the decision of the prison officials.'" *Anaya v. Nicklin*, 788 F. App'x 964, 964 (5th Cir. 2020) (per curiam) (quoting *Reeves v. Pettcox*, 19 F.3d 1060, 1062 (5th Cir. 1994)).

The response to Shankey's petition includes a declaration from the Disciplinary Hearing Officer (DHO) [Dkt. Nos. 10 & 13], the attachments to which include the incident report and supporting documents, *see* Dkt. No. 10 at 13-15; the inmate rights form provided to Shankey, which he signed, *see id.* at 18; the notice of hearing, provided to Shankey, which he also signed, *see id.* at 20; and the DHO report, also provided to Shankey, *see id.* at 22-25.

Although Shankey disputes the evidence to support the conviction that resulted in his loss of GCT, *see, e.g.*, Dkt. No. 3 at 5-6; Dkt. No. 16 at 1-2, issues like a DHO's credibility assessment or his overall consideration of the evidence are outside the limited scope of habeas review of a prison disciplinary conviction that implicates a protected liberty interest. *See, e.g.*, *Ester v. Jones*, 742 F. App'x 42, 43 (5th Cir. 2018) (per curiam) (Federal habeas courts "do not independently assess witness credibility or reweigh the evidence in determining whether there is some evidence to support a disciplinary conviction." (citing *Richards*, 394 F.3d at 294, and then concluding that, there, "[t]he incident report constitutes 'some evidence' to support the disciplinary conviction, and Ester did not establish a due process violation")). Here too, the incident report, among other evidence attached to the DHO's declaration, "constitutes 'some evidence' to support the disciplinary

conviction" and compels findings that Shankey has "not establish[ed] a due process violation" and is not entitled to federal habeas relief. *Id.* at 43.

## Recommendation

The Court should deny Petitioner Ronald Shankey's application for writ of habeas corpus under 28 U.S.C. § 2241.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 3, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE